**RECORD NO. 15-4249**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

STEVE JACOB JOSEPH,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NORFOLK

**OPENING BRIEF OF APPELLANT**

Timothy Anderson
ANDERSON & ASSOCIATES
Suite 104
2492 North Landing Road
Virginia Beach, Virginia 23456
(757) 301-3636 Phone
timanderson@virginialawoffice.com

*Counsel for Appellant*  June 23, 2015

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

                                                               **Page**

TABLE OF CONTENTS: …………………………………. i

TABLE OF AUTHORITIES: ………………………………… ii

JURISDICTIONAL STATEMENT……………………………. 1

STATEMENT OF COUNSEL…………………………………. 1

STATEMENT OF ISSUES ………………………………… 1

STATEMENT OF CASE   ………………………………… 2

STATEMENT OF FACTS  ………………………………… 2

SUMMARY OF ARGUMENT ………………………………… 5

ARGUMENT

       i. Standard of Review …………………………………. 5

       ii. Discussion of Issues ………………………………... 5

CONCLUSION…………………………………………………. 6

WAIVER OF ORAL ARGUMENT…………………………….. 6

CERTIFICATE OF COMPLIANCE…………………………….. 7

FILING AND MAILING CERTIFICATION……………………. 8

# TABLE OF AUTHORITIES

<u>CASES</u>

*Anders v. California*, 386 U.S. 738 [18 L Ed 2d 493] (1967)     1

*United States v. Gray*, 137 F. $3^d$ 765, 770 (4th Cir 1998) (en banc)     5

<u>OTHER AUTHORITIES</u>

Rule 3 and Rule 4 of the Federal Rules of Appellate Procedure.     1

I.   **JURISDICTION STATEMENT**

This case is an appeal from the District Court's conviction of the Appellant for one count of conspiracy to distribute cocaine and heroin. The District Court entered final judgment on April 28, 2015. The Defendant filed this notice of appeal on April 26, 2015, pursuant to Rule 3 and Rule 4 of the Federal Rules of Appellate Procedure.

II.  **STATEMENT OF COUNSEL**

Counsel has been appointed by this Court and this Appeal is prepared pursuant to *Anders v. California*, 386 U.S. 738 [18 L Ed 2d 493] (1967). Counsel states that most of the arguments made in this petition have already been settled in this jurisdiction and the arguments are contrary to the well-settled law.

III. **STATEMENT OF ISSUES**

The issues in this appeal are:

    a. Did the District Court err in the exclusion of evidence by the defense?

    b. Did the District Court properly consider the 2253 factors in determining the Appellant's sentence of 420 months?

1

## IV. STATEMENT OF CASE

This case arises from a jury's conviction of the Defendant of one count of conspiracy to distribute cocaine and heroin. The Defendant represented himself pro se during the trial and most of the pretrial matters. The Defendant was found guilty of 1 count of conspiracy to distribute cocaine and heroin after a three day jury trial and was subsequently sentenced to 420 months by the District Court. Thereafter, the Court sentenced Defendant and entered final judgment.

## V. STATEMENT OF FACTS

The Defendant was indicted on one count of conspiracy to distribute cocaine and heroin. The Defendant was declared indigent by the District Court and was appointed counsel. The Defendant terminated his trial counsel and proceeded pro se for all stages. The District Court appointed stand-by counsel to assist the Defendant, but the record reflects the Defendant did not avail himself to virtually any assistance by his stand-by counsel, and even on the record demanding his stand-by counsel to stay at least 10 feet away from him (Sentencing Transcript 5:13). At trial, the Government produced testimony from various witness witnesses and entered into evidence different exhibits. The evidence detailed a lengthy and wide-ranging scheme of distribution of inter-state controlled substances for which the Appellant was accused of participating in. Various pre-trial motions were filed

by the Defendant's appointed counsel, however following the termination of his counsel and the District Court allowance for the Defendant to represent himself pro se, all of the attorney motions were abandoned by the Defendant (see transcript of suppression hearing dated July 29, 2014).

The Defendant filed several pro se motions, which in the most simplistic summary, relied on the sovereign citizen defenses previous defendants have attempted to raise in this Courts and other courts throughout the country, all of which have been found to be without substantial legal merit. In fact, all of the trial and sentencing defenses the Defendant raised were based on his jurisdiction challenges to the District Court, claims that his former court appointed attorney owed him $200,000 and that the United States owed him $2,000,000. These arguments were raised pre-trial in ECF motions 48, 55, 56 and 63 all of which were denied by the Court's order at ECF 73. The Court addressed the jurisdictional challenges, and denied them in this order. The Court further entered slip orders denying various jurisdictional challenges of the Defendant raised at ECF 82 and 90 by slip order at ECF 113 and 114. Counsel has reviewed the various motions filed by the Defendant and finds no meritorious grounds to advance them before this Court.

Turning to the trial, there were few objections made by the Defendant and only one was identified by Counsel as having minimal merit for this appeal.

3

During the trial the government introduced video evidence regarding physical evidence of a controlled substance being in the Defendant's control. The Defendant submitted the video (presumably obtained during pretrial discovery exchanges) to a videographer. The videographer enhanced the video and placed text on the video to suggest that the package was not a controlled substance. The Defendant attempted to introduce that video. The Court took the matter under advisement on day one of the trial (Trial Trans. 47:19-50:23), then at conclusion of day 2 of the trial, Judge Davis took the video home to watch it and contemplate the Defendant's motion to introduce the tape. On day 3 of the trial, the Court denied introduction of the video (Trial Trans 332:1-333:20) citing the language added to it is over suggestive to the jury.

No other substantial objections were made at trial, nor at sentencing. The Defendant refused to meet with his stand-by counsel to discuss his presentence report (Sentencing Transcript 7:9-12). The guidelines computed a level 44, Level 2 with a guideline recommendation of Life, the statutory penalty being 10 years to life. The Defendant chose to remain silent through most of the sentencing. (Sentencing 11:11).

Despite a guideline recommendation of life, the government did not seek a sentence of life based on internal policies of the US Attorneys Office. (Sentencing 12:12-13). There was some guideline dispute about the gun enhancement and the

4

quantity of drugs made through the Defendant's stand-by counsel which apparently was discussed only moments before sentencing. The government addressed those answers to the Court and it appears the enhancements were appropriate, from a guideline standpoint. The Defendant then made a statement regarding sentencing from 23:7-27:7 of the sentencing transcript. Counsel submits those arguments for the Court's review but will not advance them. Following all comments, the court sentenced the Defendant to 420 months.

## VI. SUMMARY OF ARGUMENT

Did the Court err in the rejection of evidence from the Defendant and did the Court make the appropriate 2253(a) considerations regarding sentencing.

## **ARGUMENT**

### STANDARDS OF REVIEW

The constitutionality of a particular statute is a question of law, and, therefore, subject to de novo review by this Court. *United States v. Gray*, 137 F. 3$^d$ 765, 770 (4th Cir 1998) (en banc).

### ii. DISCUSSION

Counsel for the Appellant is unaware of any law that supports the Appellant's either legal argument advanced in this appeal. Counsel will rely on the arguments made in the record for the Court to consider the legal merits.

CONCLUSION

The Appellant moves for this Court to reverse and remand this matter for further disposition for the reasons set forth in the Appellant's pro se motions.

VII. WAIVER OF ORAL ARGUMENT

The appellant respectfully waives the opportunity to argue this appeal before a panel of judges of this Court.

RESPECTFULLY SUBMITTTED

Steve Jacob Joseph


By: /s/Timothy V. Anderson

Counsel

Timothy V. Anderson, Esq.
Anderson & Associates, PC
2492 North Landing Rd, Ste 104
Virginia Beach, VA 23456
Tel. (757) 301-3636
Fax  (757) 301-3640
VSB 43803

CERTIFICATE OF COMPLIANCE WITH RULE 32

I hereby certify that this brief complies with the typeface requirement of Fed. R. App. Pro. 32(a)(5) because it was composed using MS Word's proportionally spaced Times New Roman typeface, with 14-point font.

I also certify that the brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) because it contains 1,117words

/s/Timothy V. Anderson
Timothy V. Anderson, Esq.

Counsel for Appellant

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed this brief with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system on June 23, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/Timothy V. Anderson
      Timothy V. Anderson, Esq.

      Counsel for Appellant